**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-1674**

---

VICTOR DE JESUS COPTO-LAVALLE,

     Petitioner,

   v.

ERIC H. HOLDER, JR., Attorney General,

     Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: April 12, 2010    Decided: August 25, 2010

---

Before TRAXLER, Chief Judge, and WILKINSON and SHEDD, Circuit Judges.

---

Petition denied in part; dismissed in part by unpublished per curiam opinion.

---

William J. Sanchez, WILLIAM J. SANCHEZ, PA, Miami, Florida, for Petitioner. Tony West, Assistant Attorney General, Mark C. Walters, Senior Litigation Counsel, Glen T. Jaeger, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor De Jesus Copto-Lavalle, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("Board") denying as numerically barred his second motion to reopen. We dismiss in part and deny in part the petition for review.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.2(c)(2) (2009). This time limit does not apply if the basis for the motion is to seek asylum or withholding of removal based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii) (2006); see also 8 C.F.R. § 1003.2(c)(3)(ii). This court reviews the denial of a motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir.), cert. denied, 130 S. Ct. 137 (2009). Motions to reopen are "disfavored" because every delay works to the advantage of the alien who wants to remain. Doherty, 502 U.S. at 323. This court will reverse the Board only if the decision is arbitrary, irrational or contrary to law. Mosere, 552 F.3d at 400.

We find the Board did not abuse its discretion in denying Copto-Lavalle's second motion to reopen because it was numerically barred.

Insofar as Copto-Lavalle seeks to have this court review the Board's denial of his first motion to reopen, we are without jurisdiction. Pursuant to 8 U.S.C. § 1252(b)(1) (2006), Copto-Lavalle had thirty days from the date of the Board's order denying his first motion to reopen to petition this court for review. This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995). Further, it is "not subject to equitable tolling." Id.; see Fed. R. App. P. 26(b) (prohibiting this court from extending the time to file "a petition to . . . review an order of an administrative agency, board, commission, or officer of the United States, unless specifically authorized by law"). The Board's order denying the first motion to reopen was filed January 9, 2009. Copto-Lavalle did not file the petition for review until June 15, 2009, or clearly beyond the thirty-day period in which to file a petition for review. Thus, this court is without jurisdiction to review the January 9, 2009 order.

Accordingly, we deny in part and dismiss in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before the court and argument would not aid the decisional process.

PETITION DENIED IN PART;
DISMISSED IN PART